J-A27044-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ODDELL QUARN CANNON, | : | |
| | : | |
| Appellant | : | No. 1699 EDA 2019 |

Appeal from the PCRA Order Entered May 15, 2019
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003756-2006

BEFORE:    BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 20, 2019**

Oddell Quarn Cannon (Appellant) appeals from the May 15, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously recounted the procedural history of this case as follows.

> On May 22, 2010, a jury convicted Appellant of third-degree murder and criminal conspiracy to commit aggravated assault related to the 2006 shooting and murder of Brian Keith Brown committed by Terry Gardner at Appellant's behest in retaliation for another shooting. On July 7, 2010, the trial court imposed a term of 25 to 50 years' incarceration.
>
> Appellant filed a timely direct appeal challenging the sufficiency of the evidence and raising one evidentiary claim, and this Court affirmed. ***Commonwealth v. Cannon***, [37 A.3d 1244] (Pa. Super. 2011) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court. Appellant's judgment of sentence, therefore, became final on

*Retired Senior Judge assigned to the Superior Court.

November 25, 2011. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

**Commonwealth v. Cannon**, 2017 WL 6014945 (Pa. Super. 2017) (unpublished memorandum at 1-2) (footnote and unnecessary capitalization omitted).

Appellant sought collateral review of his sentence via a timely-filed PCRA petition. Following the appointment of counsel and an evidentiary hearing, the PCRA court dismissed Appellant's petition. Appellant *pro se* filed an appeal. Upon review, this Court remanded Appellant's case for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. Super. 1998). After the PCRA court conducted such a hearing, Appellant proceeded *pro se* on appeal.[1] This Court ultimately affirmed the dismissal of his PCRA petition. **Commonwealth v. Cannon**, 181 A.3d 1201 (Pa. Super. 2017) (unpublished memorandum). On September 18, 2018, our Supreme Court declined to review Appellant's case further. **See Commonwealth v. Cannon**, 194 A.3d 559 (Pa. 2018).

On October 15, 2018, Appellant filed *pro se* the PCRA petition at issue in this appeal, arguing, *inter alia*, that he had discovered evidence after his trial that demonstrated his actual innocence. Specifically, Appellant argued

---

[1] On August 15, 2017, while the appeal from the order dismissing Appellant's first PCRA petition was pending, Appellant filed *pro se* a second PCRA petition. The PCRA court dismissed the second petition as premature pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000).

that he had discovered evidence that was not available at the time of his trial, namely an affidavit provided to him in 2017 by his cousin Randy Suber. Suber had been charged as Appellant's co-conspirator, but Suber ultimately pleaded guilty in 2012 to aggravated assault and conspiracy to commit aggravated assault. Although Suber had admitted at the time of his guilty plea that he had reported to Appellant the whereabouts of Brown at Appellant's behest, in the affidavit, Suber claims he had recanted this testimony in another co-conspirator's trial in 2013. Appellant did not address the PCRA's jurisdictional time bar in his petition.

The Commonwealth filed a response, contending that the filing of the PCRA petition was untimely. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, explaining that it was dismissing the petition as untimely filed because Appellant did not meet his burden of pleading and proving an exception to the PCRA's time bar. After seeking and obtaining an extension of time in which to respond to the Rule 907 notice, Appellant filed a response. In his response, Appellant argued for the first time that he could satisfy the newly-discovered-evidence exception to the PCRA's time bar.[2] The PCRA court disagreed, and dismissed Appellant's PCRA petition on April 26, 2019.[3]

---

[2] This exception is as follows.

      (b) Time for filing petition.--
*(Footnote Continued Next Page)*

- 3 -

Appellant timely filed a notice of appeal. On June 11, 2019, the PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and directed Appellant to serve it upon the PCRA judge within 21 days or risk waiver of any appellate issue not included. Order, 6/11/2019, at 1. Appellant filed a concise statement on July 5, 2019, which was two days outside of the allotted period. Furthermore, according to the PCRA court, Appellant never served a copy of the concise statement upon the PCRA judge. *See* Order, 7/12/2019, at 1-2. Nothing in the record indicates otherwise.

Even if we give Appellant the benefit of the prisoner mailbox rule as to the late filing of his concise statement, *see Commonwealth v.*

*(Footnote Continued)* ─────────────

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> ***
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii).

3 The PCRA court amended its order on May 15, 2019, to correct a typographical error in its original order.

*Whitehawk*, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) ("[U]nder the 'prisoner mailbox rule[,]' a document is deemed filed when placed in the hands of prison authorities for mailing."), Appellant's failure to serve the concise statement upon the PCRA judge renders his claim on appeal waived. Pa.R.A.P. 1925(b) provides, in pertinent part:

> (b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. - If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and **serve upon the judge a concise statement of the errors complained of on appeal** ("Statement").
>
>> (1) Filing and service.—Appellant shall file of record the Statement and **concurrently shall serve the judge**.

Pa.R.A.P.1925(b) (emphasis provided).

"[F]ailure to comply with the minimal requirements of Pa.R.A.P.1925(b) will result in automatic waiver of the issues raised." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). Because the PCRA court ordered Appellant to file a concise statement, Rule 1925(b) required Appellant to file the concise statement with the ordering court's prothonotary, and to serve concurrently the statement upon the PCRA judge. *See* Pa.R.A.P. 1925(b); *Schofield*, 888 A.2d at 774. By failing to comply with Rule 1925(b), Appellant has waived all issues for appeal. *Id.*

Even if we were to conclude Appellant's issues on appeal were not waived on this basis, we would affirm the dismissal order based upon the untimely filing of his petition. The timeliness of the filing of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).[4] "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Since the instant petition was filed seven years after his sentence became final, the petition is untimely on its face. In his petition, Appellant neither pleaded nor proved an exception to the PCRA time bar. This is fatal to his claim. ***Commonwealth v. Brown***, 111 A.3d 171, 179 (Pa. Super.

---

[4] There are also time restrictions on when a petitioner must file a petition after a time-bar-exception claim has arisen. ***See*** 42 Pa.C.S. § 9545(b)(2). On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

2015) (holding petitioner must plead and prove a time-bar exception in the petition to establish jurisdiction).

In response to the PCRA court's Rule 907 notice, Appellant attempted to invoke, for the first time, the newly-discovered fact exception to the PCRA's time bar. However, to receive the benefit of this exception, Appellant must raise the exception and plead facts to establish the exception in his petition. **Brown**, 111 A.3d 171, 179. The response to the Rule 907 notice is not a petition. **Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012). A time-bar exception raised for the first time in response to a court's Rule 907 notice is not preserved for review unless the petitioner seeks, and the PCRA court grants, permission to file an amended petition. **Commonwealth v. Derrickson**, 923 A.2d 466, 469 (Pa. Super. 2007).

Finally, Appellant has not satisfied the due diligence requirement. "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Brown**, 111 A.3d at 176. Appellant simply states in a conclusory fashion that he exercised due diligence, but makes no effort to explain the steps he took to obtain the information from Randy Suber, or why it took until 2017 to obtain the information from Suber when Suber allegedly recanted his original 2012 testimony in 2013. Therefore, Appellant has failed to establish that he exercised due diligence.

Based on the foregoing, we affirm the dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/19